IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAWN M. ROBERTSON,<br><br>                       Plaintiff,<br><br>v.<br><br>QC FRANCHISE GROUP LLC; REGENERATIVE HEALTH OF CHAMPAIGN, LLC; MED-DEN FUNDING, LLC; and SECURITY FIRST BANK,<br><br>                       Defendants. | Case No. 3:23-cv-03333<br><br>Judge Colleen R. Lawless<br><br>Magistrate Judge Karen L. McNaught |

**DEFENDANT QC FRANCHISE GROUP LLC'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant QC Franchise Group LLC ("Defendant" or "QC Franchise") moves for the entry of an order dismissing it as a defendant in this litigation, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims for violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

    1.    On November 16, 2023, Plaintiff Dawn M. Robertson filed her Complaint against QC Franchise and the remaining defendants on behalf of herself and all other similarly situated individuals. ECF No. 1. On January 8, 2024, QC Franchise moved to dismiss the claims pled against it in the Complaint.

    2.    After QC Franchise moved to dismiss Plaintiff's original Complaint, on January 16, 2024, Plaintiff filed an Amended Complaint. ECF No. 26. As relevant here, Plaintiff alleges two separate causes of action against QC Franchise for violations of the Illinois Consumer Fraud Act (ICFA) under Counts I and II of the Complaint.

2. As set forth below and more fully in the Memorandum of Law in Support of the Motion to Dismiss, filed contemporaneously with this Motion, Plaintiff has failed to state a cause of action against QC Franchise under ICFA because her allegations do not meet the pleading requirements set forth in Federal Rules of Civil Procedure 8(a) and 9(b).

3. As an initial matter, Robertson lacks statutory standing to bring her ICFA claims because she cannot plausibly allege that the circumstances giving rise to the allegedly deceptive acts occurred "primarily and substantially within" Illinois. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 185 (2005). The only "advertisement" she affirmatively identifies as forming the basis for Count I is a website she ostensibly viewed in her home-state of Indiana, which she claims belongs to QC Franchise, a South Carolina limited liability company headquartered in North Carolina. Robertson similarly pleads no additional facts suggesting that the circumstances surrounding execution of the loan agreement forming the basis for Count II, which she entered into with a Nebraska-headquartered lender days after she received treatment in Illinois, bear any connection with Illinois.

4. Each of Robertson's claims against QC Franchise fail for additional reasons. Her ICFA claim based on allegations that QC Franchise failed to disclose the treatments offered to her did not receive FDA approval is undercut by the four written consent forms appended to her Complaint, each of which informed her of that fact. The Amended Complaint's added allegation that Robertson only proceeded with treatment because QC Franchise's website omitted statements to the contrary is contradicted by the fact that she proceeded to obtain financing for and undergo additional treatment after signing the consent forms.

5. Robertson's claims pled against QC Franchise based on the financing arrangement she entered into with Security First Bank also lack merit for several reasons. First, Robertson still

has not alleged any facts supporting application of the "holder-in-due-course" notice rule. Second, Robertson alleged no facts establishing that QC Franchise actively participated in the financing arrangement she alleges gives rise to her claim. Third, ICFA does not apply because the loan agreement she entered into contains a Nebraska choice of law provision. And finally, to the extent either claim is based on an allegation that her loan's 12.99 percent interest rate was excessively high, they fail for the additional reason that the rate is well within the limit Robertson herself claims to apply under Illinois law.

6. For these reasons, and those presented in QC Franchise's Memorandum of Law in Support of this Motion, QC Franchise respectfully asks this Court to grant its Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), and for such other relief as the Court deems fair and just. Pursuant to Local Rule 7.1(A)(2), QC Franchise respectfully requests that the Court set this Motion for oral argument to the extent that the Court determines that doing so will assist in the Motion's resolution.

Dated: January 30, 2024

Respectfully submitted,

By: /s/ *Andrew J. Butcher*
Andrew J. Butcher
Kevin M. Phillips
Megan R. Escobosa
Jared S. Kramer
**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Phone: 312-255.7200
Fax: 312-422-1224
abutcher@scopelitis.com
kphillips@scopelitis.com
mescobosa@scopelitis.com
jskramer@scopelitis.com

*Attorneys for Defendant QC Franchise Group LLC*

4885-9325-1489,